IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ryan P. Deleston, | ) | C/A No. 0:20-717-TMC-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Nelsen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Ryan P. Deleston, a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for an order on Petitioner's motion to stay this matter and hold the Petition in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005), (ECF No. 6), and Petitioner's motion file an amended petition, (ECF No. 20). Respondent filed a response in opposition to the motion for stay and abeyance, (ECF No. 18), and Petitioner replied, (ECF No. 30).

The Petition challenges Petitioner's 2013 convictions in the Charleston County Court of General Sessions of murder, attempted robbery, possession of a weapon during the commission of violent crime, and possession of a weapon with an obliterated serial number, for which Petitioner was sentenced to life imprisonment. Petitioner filed a direct appeal of his conviction which was ultimately rejected by South Carolina's appellate courts. Petitioner also filed an application for post-conviction relief ("PCR") which was denied by the Charleston County Court of Common Pleas in 2018. The South Carolina Supreme Court rejected Petitioner's appeal from the PCR court in January 2020.

Petitioner filed this petition for a writ of habeas corpus on February 13, 2020, and immediately moved to stay the proceeding pending the outcome of Petitioner's second PCR application in the Charleston County Court of Common Pleas, which was filed on April 28, 2020. Deleston v. State of South Carolina, 2020-CP-1001990. Petitioner indicates he seeks to raise a claim in his second PCR application that trial counsel was ineffective for failing to object to the trial court's jury instruction that malice can be inferred by a defendant's use of a deadly weapon. (Petr.'s Mot. to Stay, ECF No. 6 at 2.) Petitioner claims that he asked PCR counsel to raise that issue in his original PCR application but PCR counsel instead preferred to challenge only trial counsel's ineffectiveness for failing to object to the trial court's jury instruction on express malice as an improper comment on the facts—a claim that the PCR court ultimately rejected. (Id. at 1; Respt.'s Resp. in Opp'n, Order of Dismissal, ECF No. 18-1 at 7-12.) Therefore, Petitioner argues, this matter should be stayed pursuant to Rhines v. Weber, 544 U.S. 269 (2005), so that the court can address all of Petitioner's claims at the same time. Petitioner asserts that while the state courts have considered the other claims he seeks to raise in this matter, Petitioner's ineffective assistance of counsel claim regarding the implied malice jury instruction would be procedurally barred in this court if he is not allowed to first pursue the claim in state court.

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be

deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Where the petition includes exhausted and unexhausted claims, a stay may be appropriate to allow the petitioner to raise all of his claims in state court in the interests of comity and federalism, and to ensure the petitioner does not run afoul of the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). See Rhines, 544 U.S. at 273-75. Pursuant to Rhines, a district court should stay a habeas proceeding and hold such a "mixed petition" in abeyance where the petitioner demonstrates "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

But here, Petitioner does not present a mixed petition because he no longer has any *available* state remedies to present his ineffective assistance of counsel claim. A federal court may not grant habeas relief unless "the applicant has exhausted the remedies available to courts of the

State." 28 U.S.C. § 2254(b)(1)(A); Gray v. Netherland, 518 U.S. 152, 161-62 (1996) (stating § 2254(b)'s requirement refers only to state remedies still available at the time of the federal petition, and therefore, the exhaustion requirement is met where the petitioner's habeas claims would be procedurally barred under state law). Petitioner has already completed his state PCR process, and Petitioner fails to point to any precedent that would allow Petitioner to pursue a second PCR application on the basis that his PCR counsel refused to raise a claim sought by Petitioner.

> Under the South Carolina Uniform Post-Conviction Procedure Act,
>
> All grounds for relief available to an applicant under this chapter must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended application.

S.C. Code Ann. § 17-27-90. Successive PCR applications are "generally disfavored" in South Carolina, Odom v. State, 523 S.E.2d 753, 755 (S.C. 1999), and to date, successive PCR applications appear to have been permitted only where the petitioner was either denied qualified legal counsel, see, e.g., Robertson v. State, 795 S.E.2d 29 (S.C. 2016); Carter v. State, 362 S.E.2d 20 (S.C. 1987); Case v. State, 280 S.E.2d 413 (S.C. 1982); or denied access to the appellate process, see, e.g., Austin v. State, 409 S.E.2d 395 (1991); Aice v. State, 409 S.E.2d 392 (S.C. 1991). Here, Petitioner indicates only that his PCR counsel refused to raise an issue that Petitioner wanted to raise as part of his PCR application, opting instead to pursue other claims. But Petitioner fails to provide any argument or point to any evidence that his PCR counsel was not qualified, and even assuming PCR counsel should have raised the claim sought by Petitioner, the South Carolina

Supreme Court has expressly rejected the premise that PCR counsel's ineffectiveness alone could entitle a petitioner to a second or successive PCR application.  See Robertson, 795 S.E.2d at 34.

Consequently, Petitioner does not present a "mixed petition" that could warrant a stay of these proceedings pursuant to Rhines.  See Portee v. Stevenson, C.A. No. 8:15-cv-487-PMD-JDA, 2016 WL 690871, at *10 (D.S.C. Feb. 22, 2016) (finding that a stay pursuant to Rhines was not warranted where petitioner was prevented from litigating any of his defaulted § 2254 claims by South Carolina's statute of limitations on PCR applications and its bar on successive PCR applications); McClure v. Ozmint, C.A. No. 2:06-1076-HMH-RSC, 2007 WL 1656227, at *8 (D.S.C. June 5, 2007) (finding a stay pursuant to Rhines was inapplicable where the petitioner had exhausted his state remedies and failed to demonstrate that he was entitled to file a successive PCR application under state law).  Petitioner's motion to stay is therefore denied.  (ECF No. 6.)

As to Petitioner's motion to file an amended petition,[1] Petitioner failed to attach a proposed amended petition to his motion.  Instead, Petitioner listed in his motion two additional grounds he seeks to raise in his matter.  An amended pleading replaces the original pleading and should be complete in itself.  See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").  Therefore, Petitioner's motion to amend (ECF No. 20) is denied without prejudice to refile the motion within **fourteen (14) days** from the date of this

---

[1] Respondent does not object to Petitioner's motion to amend.  (ECF No. 31.)

order (plus three days for mail time), **with an attached proposed amended petition that sets forth all of Petitioner's claims in one document.** If the motion is granted, the proposed amended petition will become the Amended Petition and render the original Petition of no legal effect.

**IT IS SO ORDERED.**

_____

June 23, 2020                                          Paige J. Gossett
Columbia, South Carolina                   UNITED STATES MAGISTRATE JUDGE