IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Ryan Deleston, | ) |
|                 Petitioner, | ) Civil Action No. 0:20-cv-0717-TMC |
| vs. | ) **ORDER** |
| Warden Nelsen, | ) |
|                 Respondent. | ) |

Petitioner Ryan Deleston ("Petitioner"), a state prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 13, 2020. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On August 25, 2020, Petitioner filed an Amended Petition. (ECF No. 52). Respondent then filed his return and a Motion for Summary Judgment, (ECF Nos. 54, 56). Petitioner filed a Response in Opposition to Respondent's motion, (ECF No. 61), Respondent replied, (ECF No. 62), and Petitioner filed a sur-reply (ECF No. 64).[1] Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the Respondent's Motion for Summary Judgment be granted and that the Amended Petition be denied. (ECF No. 65). Petitioner filed objections to the Report on December

---

[1] Neither the Federal Rules of Civil Procedure nor the Local Rules provide for the ability to file a sur-reply as a matter of right. Further, on November 5, 2020, the undersigned issued a standing order directing that a party "may not file, nor will the court consider, any sur-reply to a motion absent a showing of good cause and leave of the court." *In re: Sur-Replies*, Standing Order (D.S.C. Nov. 5, 2020). Therefore, because Petitioner failed to seek leave of the court before filing his sur-reply, (ECF No. 64), the court declines to consider it and it is hereby **STRICKEN** from the record. The court notes, however, that even if it were to consider Petitioner's sur-reply, it would not affect the outcome of this matter.

1

10, 2020, (ECF No. 70), and Respondent replied (ECF No. 71).  Accordingly, this matter is now ripe for review.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).  "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . d[id] not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in

2

the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a pro se litigant, [the court] must also be mindful of [its] responsibility to construe pro se filings liberally"). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'").

## I. BACKGROUND/PROCEDURAL HISTORY

In October 2012, a Charleston County Grand Jury indicted Petitioner for murder (2012-GS-10-6361), attempted armed robbery (2012-GS-10-6362), and possession of a weapon during the commission of a violent crime (2012-GS-10-6364). (ECF No. 39-3 at 169–72, 175–76). Subsequently, in December 2012, Petitioner was also indicted for possession of a handgun with an obliterated serial number (2012-GS-10-6363). *Id*. at 173–74. The case proceeded to trial on October 7, 2013, at which Petitioner was represented by attorneys D. Ashley Pennington and John J. Kozelski (collectively, "Trial Counsel"). (ECF No. 39-1 at 3, 4). On October 11, 2013, the jury

3

found Petitioner guilty on all charges and he was sentenced to life in prison for the murder charge, twenty years imprisonment for attempted robbery, and five years imprisonment for possession of a handgun with an obliterated serial number, each term to run concurrently.[2] (ECF No. 39-3 at 144–45, 166).

Petitioner appealed, raising the following issues:

> 1. Whether the [trial] court erred by refusing to allow [Petitioner] to cross-examine witnesses about an armed robbery and shooting that occurred approximately two weeks before the murder where it was undisputed that Bryan Rivers was the shooter in the prior robbery and that the same firearm was used in both cases, since this prevented [Petitioner] from fully developing and presenting his defense at trial, namely that Bryan Rivers was the shooter who killed the decedent, Marley Lion, and that [Petitioner] was merely present at the scene, in violation of Rule 404(b), SCRE, the rule on third party guilt, and [Petitioner's] due process right to present a defense?
>
> 2. Whether the [trial] court erred by informing the jury during the court's opening instruction that a trial was "a search for the truth in an effort to make sure that justice is done" since this instruction was fundamentally incorrect, was burden shifting, and decimated the proper standard and jury inquiry of whether the state had proved [Petitioner's] guilt beyond a reasonable doubt?

(ECF No. 39-5 at 4); *see also* (ECF No. 39-4). The South Carolina Court of Appeals affirmed both Petitioner's conviction and his sentence. *State v. Deleston*, 2016-UP-055, 2016 WL 526592 (S.C. Ct. App. Feb. 10, 2016) (unpublished opinion). Petitioner moved for rehearing, which the Court of Appeals denied on April 21, 2016. (ECF Nos. 39-8; 39-9). Petitioner then filed a timely petition for a writ of certiorari in the South Carolina Supreme Court. (ECF No. 39-12). The Supreme Court granted certiorari, ordered briefing, and subsequently dismissed certiorari as improvidently granted. *See* (ECF Nos. 39-13; 39-14; 39-15).

---

[2] The trial court noted she did not impose a sentence for the charge of possession of a weapon during the commission of a violent crime, because Petitioner had already been sentenced to life in prison. *See* (ECF No. 39-3 at 166).

Petitioner then applied for post-conviction relief ("PCR"), alleging ineffective assistance of trial counsel on two grounds: (1) trial counsel's failure to object to the trial court's instruction on express malice which "impermissibly commented on the facts of the case by using hypothetical examples of the facts of [Petitioner's] case that prematurely directed a verdict for the State[;]" and (2) trial counsel's failure to object to the jury instruction on voluntary intoxication which "relieved the State of proving the mental state required to establish criminal intent beyond a reasonable doubt[.]"  (ECF No. 39-3 at 190, 194); *see also id*. at 181–99.  On May 24, 2018, the PCR court held an evidentiary hearing on Petitioner's application, at which Petitioner was represented by attorney Christopher Murphy ("PCR Counsel").  *Id*. at 253.  During the hearing, the court heard testimony from Petitioner, his trial counsel, and the State's trial counsel.  *See id*. at 253–309. Petitioner also raised the following arguments at the hearing as additional grounds for relief:

> Counsel was ineffective in failing to request a lesser included offense or relay any deals or plea offers for lesser included offenses.
>
> Counsel did not advise [Petitioner] on not taking the witness stand.
>
> Counsel did not cross-examine witnesses[.]
>
> Counsel did not recall Bryan Rivers and cross-examine him on the Chopper shooting when the State opened the door by presenting [Petitioner's] statement.

*Id*. at 315–16 (internal citations omitted) (summarized in the PCR court's order).  On July 25, 2018, the PCR court denied Petitioner's application for relief.  *Id*. at 312–56; (ECF No. 39-17 at 45–53).

Petitioner, through counsel, then filed a petition for a writ of certiorari in the South Carolina Supreme Court asserting the PCR court erred: (1) "in refusing to find trial counsel ineffective for failing to object to a jury instruction that was an improper charge on the facts[;]" and (2) "in refusing to find [trial] counsel ineffective for failing to argue that, by introducing Petitioner's

5

statement to police that he heard co-defendant Bryan Rivers shot a drug dealer named 'Chopper' with the same gun used to shoot Marty Lion, the State opened the door to allowing the defense to question Rivers about the 'Chopper' shooting[.]" (ECF No. 39-18 at 3). The Supreme Court denied certiorari on December 11, 2019 and, on December 30, 2019, the remittitur was issued. (ECF Nos. 39-20; 39-21).

Consequently, Petitioner initiated this action on February 13, 2020, and immediately sought to stay these proceedings while he pursued further relief in state court. (ECF Nos. 1; 6). On July 7, 2020, Petitioner filed a motion to amend his Petition (ECF No. 44), which the court granted (ECF No. 50). Accordingly, on August 25, 2020, Petitioner filed his Amended Petition (ECF No. 52), which is now the operative petition in this matter. *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co*., 226 F.3d 160, 162 (2d Cir. 2000) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'"); *see also Ohio River Valley Envtl. Coalition, Inc. v. Timmermeyer*, 66 Fed. App'x 468, 471 (4th Cir. 2003) (noting that once a pleading has been amended, the original pleading "no longer perform[s] any function in the case" (emphasis omitted)).

The Amended Petitioner sets forth four grounds for relief. *See* (ECF No. 52). First, Petitioner asserts trial counsel was ineffective for failing to object to the trial court's instruction that the jury could infer malice from the use of a deadly weapon, because Petitioner was attempting to raise a defense of third-party guilt. *Id*. at 5. Second, Petitioner contends that trial counsel was ineffective for failing to object to the trial court's jury instruction on voluntary intoxication and the "erroneous accomplice liability instruction which shifted the burden to [Petitioner] to prove he had no knowledge of confederate's actions." *Id*. at 7. Petitioner's third ground for relief asserts

that trial counsel "erred by admitting [Petitioner's] guilt during closing argument[.]" *Id*. at 8. Lastly, Petitioner's fourth ground claims the trial court erred by refusing to allow Petitioner to cross-examine two witnesses regarding a "prior incident which would establish third-party guilt" and, thereby, "violated Petitioner['s] constitutional rights to present a defense." *Id*. at 10.

On September 22, 2020, Respondent filed his return (ECF No. 54) and, the following day, filed a Motion for Summary Judgment, (ECF No. 56). Petitioner responded on September 30, 2020, (ECF No. 61), and Respondent replied (ECF No. 62). The magistrate judge entered her Report on November 16, 2020, recommending the undersigned grant Respondent's Motion for Summary Judgment (ECF No. 56) and deny the Amended Petition (ECF No. 52). (ECF No. 65). Petitioner filed objections to the Report, (ECF No. 70), and Respondent replied (ECF No. 71). Accordingly, the matter is now ripe for review.

## II.  THE MAGISTRATE JUDGE'S REPORT

In her Report, the magistrate judge recommends that the undersigned grant Respondent's Motion for Summary Judgment and deny the Amended Petition. (ECF No. 65 at 23). As to Petitioner's first ground, the magistrate judge concluded that, to the extent Petitioner seeks to challenge the trial court's instruction on *implied* malice, such claim is procedurally defaulted because it was not raised during Petitioner's appeal or PCR proceedings. *Id*. at 11. Additionally, the magistrate judge found that, if Petitioner sought to raise trial counsel's failure to object to the charge on *express* malice, Petitioner failed to include such a claim in his Amended Petition. *Id*. Nevertheless, the magistrate judge considered the merits of his claim as to the express malice charge and concluded that Petitioner failed to establish any legal or factual error in PCR court's judgment such that Respondent is entitled to summary judgment on this ground. *See id*. at 11–13.

Turning to Petitioner's second ground—regarding the accomplice liability and voluntary intoxication instructions—the magistrate judge found that these claims were also procedurally defaulted. *See id*. at 14. However, because Petitioner had previously asserted that both trial and PCR counsel were ineffective for failing to raise these issues both during trial and at his PCR hearing, *see* (ECF No. 46 at 4), the magistrate judge analyzed whether Petitioner had shown cause for the procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2013). (ECF No. 65 at 14–18). The magistrate judge first noted that, although Petitioner's claim regarding the voluntary intoxication instruction was raised in his PCR application, he failed to raise it in his PCR appeal and *Martinez* does not apply to claims defaults on PCR appeal. *Id*. at 16 (citing *Davila v. Davis*, 137 S. Ct. 2058, 2065 (2017)). Thus, Petitioner could not overcome the procedural default on that claim. *Id*. The magistrate judge then considered Petitioner's claim regarding the accomplice liability instruction. *Id*. at 16–18. The magistrate judge concluded that Petitioner has "fail[ed] to identify facts or law suggesting the trial court's instruction was improper and trial counsel cannot be ineffective for failing to object to a proper instruction." *Id*. at 18. Thus, the magistrate judge concluded that Petitioner had not shown cause for the procedural default and recommended summary judgment be granted in favor of Respondent on this ground as well. *Id*.

Likewise, the magistrate judge found that Petitioner's third ground for relief—that trial counsel improperly conceded Petitioner's guilt in his closing argument—is also procedurally defaulted. *Id*. at 19–20. Nevertheless, the magistrate judge fully considered Petitioner's argument that *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), established a new rule of constitutional law warranting habeas relief under § 2244(b)(2). *Id*. at 18–20; *see also* (ECF No. 61 at 4). The magistrate judge found that the United States Supreme Court's opinion in *McCoy* was issued prior to Petitioner's PCR hearing, such that he had plenty of time in which to raise this claim to the PCR

8

court. *Id*. at 19.  Additionally, the magistrate judge found that the facts in *McCoy* are inapposite to this case.  *Id*. at 19–20.  Specifically, the defendant in *McCoy* expressly disagreed with his trial counsel's strategy, sought to terminate his trial counsel, and objected in court to his counsel's concession of his guilt in his opening argument, whereas in this case there is no evidence in the record to suggest Petitioner disagreed with his trial counsel's strategy or that trial counsel acted without Petitioner's consent.  *Id*. at 20.  Therefore, the magistrate judge concluded that Petitioner's reliance on *McCoy* fails to save this claim from procedural default and recommends the court grant Respondent's motion for summary judgment on this ground.

Finally, the magistrate judge turned to Petitioner's fourth ground that the trial court violated his constitutional right to present a complete defense by refusing to allow trial counsel to cross-examine witnesses regarding whether the same gun was used by Petitioner's co-defendant in a separate armed robbery.  *Id*. at 20–23.  Because Petitioner raised this argument on direct appeal, this is the only ground that is procedurally preserved for review by this court.  *Id*. at 20.  The magistrate judge correctly noted, however, that "[i]t is not within the province of this court to consider state evidentiary matters[,]" and, therefore, considered only whether the South Carolina Court of Appeals misapplied the United States Supreme Court's ruling in *Holmes v. South Carolina*, 547 U.S. 319 (2006), which is the only federal authority the Court of Appeals relied on in affirming Petitioner's conviction and sentence.  *Id*. at 22–23; *see also Deleston*, 2016 WL 526592, at *1.

The magistrate judge noted that in *Holmes*, the Supreme Court approved of the South Carolina rule that

> [E]vidence offered by accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence; evidence which can have (no)

9

> other effect than to cause a bare suspicion upon another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible.

*Id*. at 22 (quoting *Holmes*, 547 U.S. at 328). Thus, when determining whether to admit evidence of third-party guilt, "the trial court's focus should be 'on the probative value or the potential adverse effects of admitting the defense evidence of third-party guilt' and not on 'the strength of the prosecution's case.'" *Id*. (quoting Holmes, 547 U.S. at 329). The magistrate judge found that, in this case, the trial court "repeatedly questioned the attorneys for both sides concerning the facts of the prior armed robbery, focused on the similarities and differences between the crimes, and eventually concluded the two incidents lacked the connection required under *Holmes* . . . ." *Id*. at 23. Therefore, the magistrate judge concluded that Petitioner has failed to "identif[y] specific facts or binding federal authority undermining the trial court's decision or the state appellate court's affirmance[,]" and recommends the court grant summary judgment for Respondent on this ground as well. *Id*.

### III. DISCUSSION

Petitioner filed objections to the Report. *See* (ECF No. 70). However, Petitioner makes no specific challenges to any of the magistrate judge's findings or conclusions. *See id*. Instead, Petitioner's objections are non-specific, unrelated to the dispositive portions of the Report, or merely restate Petitioner's claims. Most of Petitioner's objections appear to merely repeat allegations and arguments raised in the Amended Petition and his summary judgment briefing, *see* (ECF Nos. 46, 52, 61), which the magistrate judge has already thoroughly considered, *see* (ECF No. 65). It is well-settled in this Circuit that "an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also, e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where

10

parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted).

The remainder of the objections simply express Petitioner's disagreement with the Report and controlling Supreme Court precedent. *See* (ECF No. 70 at 15–17 (arguing the Supreme Court's ruling in *Holmes* is incorrect)). Objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring *de novo* review by this court. *Lowdermilk v. LaManna*, Civ. A. No. 8:07-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that *de novo* review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Accordingly, Petitioner has failed to set forth any specific objections to the Report and the court need only review the Report for clear error. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017).

Having thoroughly reviewed the record, the court finds no clear error in the magistrate judge's Report, (ECF No. 65), and is aware of no reason to deviate from the Report's recommended disposition. The court, therefore, **ADOPTS** the magistrate judge's Report, *id.*, and incorporates it herein. Accordingly, the Respondent's Motion for Summary Judgment (ECF No.

11

56) is **GRANTED** and Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 52) is **DENIED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 1, 2021